UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

LAMARR REMBERT,

        Plaintiff,

-against-

THE CITY OF NEW YORK, SENIOR CARE EMERGENCY MEDICAL SERVICES, P.O. THOMAS RIVERA, SHIELD NO. 27981, P.O. OTILIA GUEVARA, SHIELD NO. 21963 and BRANDON LAMBOY,

        Defendants.

---------------------------------------------------------------X

Case No.: 16cv5586

SECOND AMENDED COMPLAINT IN CIVIL CASE
JURY TRIAL DEMANDED

Plaintiff, LAMARR REMBERT, by his attorneys, ADRIAN A. ELLIS, LLC, alleges as follows:

1. This is a civil rights action brought by plaintiff Lamarr Rembert ("Plaintiff") for damages pursuant to 42 U.S.C. § 1983. Plaintiff was assaulted by defendant P.O. Thomas Rivera (hereinafter "Rivera") when he was arrested. Additionally, plaintiff was assaulted by defendant, Brandon Lamboy, (hereinafter "Lamboy") whilst in the custody of the New York City Police Department (hereinafter "NYPD"). The assault occurred in an ambulance provided by Senior Care Emergency Medical Services (hereinafter "Senior Care") whilst it was located outside the 84th Precinct. The plaintiff was assaulted by defendant Lamboy whilst defendant Rivera watched and failed to intervene and stop the assault.

2. The plaintiff now seeks redress against defendants The City of New York (hereinafter "The City"), Senior Care Emergency Medical Services, P.O. Guevara, P.O. John Doe and

Lamboy. These defendants participated in the assaults or caused for the assaults to occur or failed to intervene when said assaults were occurring.

## JURISDICTION AND VENUE

3. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343(a)(3-4).

5. The acts complained of occurred in the Eastern District of New York and venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Lamarr Rembert is a resident of Brooklyn, New York.

7. Police Officer Guevara, shield number 21963 was a police officer employed by the City of New York Police Department to perform duties in the borough of Brooklyn and was assigned to various commands in New York City.

8. Police Officer Rivera, shield number 27981 was a police officer employed by the City of New York Police Department to perform duties in the borough of Brooklyn and was assigned to various commands in New York City.

9. The defendant-City of New York is a municipality that is incorporated under the laws of the State of New York and, at all relevant times; it employed the other defendants in this action.

10. At all relevant times and in all their actions, the defendants were acting under color of law and pursuant to their authority as police personnel. Prior to the commencement of this action, a notice of claim in writing was served on behalf of Lamarr Rembert, upon the defendants in accordance with Section 50-e of the General Municipal Law.

11. Prior to the commencement of this action, notice of the intention of Lamarr Rembert to commence an action, unless the claim presented was adjusted within the prescribed time as set forth by applicable law to adjust such claims, was served on behalf of Lamarr Rembert, upon the defendants.

12. Although more than thirty (30) days have elapsed since service of such notice of claim, the defendant's neglected and has refused to pay said claim or adjust same.

13. That the hearing required by GML 50-h has been held or otherwise waived by the defendants.

14. This action is commenced within one (1) year and ninety (90) days from May 12, 2016, the date of the incident as herein set forth occurred.

15. At all relevant times, Police Officer Guevara (hereinafter "Guevara") was an officer within the New York City Police Department assigned to the 84th Precinct acting in the capacity of an agent, employee of the defendant City. These actions were within the scope of his employment and as such he was acting under color of State law. Defendant Guevara is sued in her individual capacity.

16. At all relevant times, Officer Thomas Rivera was an officer within the New York City Police Department assigned to the 84th Precinct acting in the capacity of an agent, employee of the defendant City. These actions were within the scope of his employment and as such he was acting under color of State law. Defendant Rivera is sued in his individual capacity.

17. At all relevant times, Senior Care Emergency Medical Services, was a Domestic Corporation authorized to transact business in the State of New York. Senior Care was engaged in the business of providing ambulette service to the citizens of New York City.

18. Upon information and belief, at all relevant times Senior Care Emergency Medical Services was a foreign Corporation authorized to transact business in the State of New York. Senior Care was engaged in the business of providing ambulette service to the citizens of New York City.

19. At all relevant times, Brandon Lamboy was, upon information and belief, an employee of Senior Care. Lamboy, upon information and belief was trained as an Emergency Medical Technician. Lamboy's actions were within the scope of his employment and as such Senior Care is vicarious liable for the actions of their employee.

STATEMENT OF FACTS

20. On May 12, 2016 the plaintiff Lamarr Rembert was arrested by defendant Guevara, Rivera and other unidentified police officers. Upon information and belief, Rivera slammed the barrel of his gun into the chest of the plaintiff causing him considerable pain and discomfort.

21. The plaintiff was taken to the 84th precinct which is located at 301 Gold Street, Brooklyn, New York. Whilst at the 84th precinct the pain in plaintiff's chest intensified to the point that he needed medical attention. The police called for an ambulance and plaintiff was shackled by his feet and hands and taken to the ambulance. The ambulance was parked outside the 84th precinct and was manned by defendant Lamboy and a co-worker. When plaintiff entered the rear of the ambulance accompanied by defendant Rivera and Lamboy he sat on a stool. Lamboy told the plaintiff that he had to lie down on the bed.

22. Plaintiff responded by informing Lamboy that he can't lie down because of how he was restrained, as he was handcuffed with his arms behind him. Lamboy immediately responded by stating "I don't care motherfucker, lie down." Lamboy then commenced to roughly handle the plaintiff in order to force him on the gurney. The plaintiff responded by telling Lamboy to "get

the fuck off" him. Lamboy then proceeded to punch the plaintiff in his right eye. The force of the punch knocked the shackled plaintiff onto the gurney.

23. The plaintiff was then set on by Lamboy who repeatedly struck the plaintiff in the head and face with his fist and on one occasion with his knee. The plaintiff's mouth filled with his blood as a result of the attack. In order to continue the assault without plaintiff's blood contaminating him, Lamboy placed a sheet over the plaintiff's head and then continued to strike the plaintiff whilst shouting obscenities at the plaintiff.

24. Defendant Rivera was present during the entire assault and failed to take any steps to intervene or stop Lamboy from assaulting the plaintiff. Rivera only offered to Lamboy that "he should be careful of him ("him" being Lamarr Rembert) because he deals with internal affairs."

25. After assaulting the plaintiff, Lamboy strapped the plaintiff down on the gurney and then recommenced striking the plaintiff. Once again Rivera failed to intervene whilst Lamboy assaulted the plaintiff.

26. Plaintiff was then taken to Woodhull Hospital where the defendants falsely stated that he was being presented because of expressions of suicidal ideation. The plaintiff was sedated and then released back to police custody without any treatment to his injuries. After being released and suffering from the effects of the assault the plaintiff went to Brooklyn Hospital where he complained of pain associated with a split lip and pain in both eyes. The medical staff observed his eyes were red and his lips were lacerated. A cat scan revealed an orbital fracture to the plaintiff's left eye.

**FIRST CLAIM FOR RELIEF PURSUANT TO 42 U.S.C. §1983 AGAINST THE CITY OF NEW YORK AND P.O. RIVERA**

Plaintiff repeats and realigns each and every allegation as if fully set forth herein.

27. The incident on May 12, 2016 saw defendant Rivera fail to intervene to protect the plaintiff who was being assaulted by the defendant Lamboy. This common practice of police officer's showing a deliberate indifference to the safety and well-being of persons in their custody was and is widespread and tolerated by and known to the City. P.O. Rivera on the date in question failed to intervene or protect plaintiff Rembert from a brutal and unwarranted assault despite his duty and obligation as an officer of the New York City Police Department. Defendant Rivera's failure to take measures to curb the wanton and brutal assault on the plaintiff constitutes deliberate indifference to the rights and safety of the plaintiff who was in his care and custody. The defendant's conduct was a substantial factor in the assault of plaintiff and a proximate cause of the constitutional violations alleged in this complaint. As a direct and proximate result of the misconduct detailed above, plaintiff sustained the damages alleged.

Additionally, defendant officers were complicit in covering up the truth by completing false reports of the incident at question and falsely presenting the plaintiff to medical personnel as suffering from suicidal ideation. As a result of the cover-up plaintiff did not receive any treatment for the initial complaint he had of discomfort in his chest in addition to the injuries suffered as a result of the assault.

28. The above described policies and customs and failures to train, supervise and discipline clearly illustrates the deliberate indifference on the part of the City to the constitutional rights of persons within New York City and was the cause of the violations of plaintiff's rights.

## SECOND CLAIM FOR RELIEF PURSUANT TO 42 U.S.C §1983 AGAINST DEFENDANTS RIVERA AND LAMBOY

Plaintiff repeats and realigns each and every allegation as if fully set forth herein.

29. By reason of the foregoing and by the use and allowance of unnecessary and excessive force against the plaintiff, the defendants deprived plaintiff of his rights, privileges, protections and immunities guaranteed to him pursuant to 42 U.S.C. § 1983, including but not limited to, rights guaranteed by the Fourteenth Amendment to the United States Constitution to be free from deliberate indifference to his safety in violation of the Eighth and Fourteenth Amendments to the Constitution and 42 U.S.C. 1983.

30. For inflicting the aforesaid upon plaintiff in wanton disregard for the life of plaintiff who posed no threat to the defendants and thereby causing the plaintiff to suffer among other injuries physical damage and trauma and mental trauma, and by the other acts and omissions described above, the individually named defendant officers acted under the color of state law and deprived the plaintiff of his rights, privileges and immunities secured by the Eighth and Fourteenth Amendments to the United States Constitution.

31. Plaintiff was deprived of his right to be free from cruel and unusual punishment.

32. Plaintiff was deprived of his right to be free from the application of excessive force.

33. Plaintiff was deprived of his right to be free from excessive force that amounts to punishment.

34. Plaintiff was deprived of his right to be free from use of force with an intent to harm that shocks the conscience.

35. The conduct of the defendants demonstrated a deliberate indifference to the safety of the plaintiff and was excessive, arbitrary and without legitimate purpose and intended as punishment of the plaintiff; the individually named defendants named herein are liable to plaintiff in damages under 42 U.S.C. Section 1983.

36. Because of the knowledge of and conspiracy to participate in the aforesaid acts against the person of the plaintiff each of the individually named defendants are liable to plaintiff in damages under 42 U.S.C. Section 1986.

37. The defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

38. As a direct and proximate result of the unnecessary and excessive use of force and abuse of authority the plaintiff sustained the damages hereinbefore alleged.

**THIRD CLAIM FOR RELIEF FOR NEGLIGENCE UNDER THE LAWS OF THE STATE OF NEW YORK (by plaintiff against The City of New York, Guevara and Rivera.**

39. Plaintiff repeats, reiterates and re-alleges all of the allegations set forth above.

40. The City of New York by and through its New York Police Department knew of and disregarded the violent proclivities of the individual defendant police officers whose conduct and omissions were the direct and proximate cause of plaintiff's injuries and damages.

41. The individual defendants, jointly and severally, negligently allowed the plaintiff to be assaulted and thereby suffering injuries, emotional distress and damage. Their acts, omissions and conduct were the direct and proximate cause of plaintiff's injuries and damages and violated his common law rights as guaranteed by the laws and Constitution of the State of New York.

42. The individual defendants' conduct alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of employment, duties and functions as New York Police Department officers, and while they were acting as the City's agents and employees, clothed with and invoking state power and authority, and, as a result the City is liable

to plaintiff for common law negligence pursuant to the state common law doctrine of respondeat superior.

43.     As a result of the foregoing, plaintiff was seriously injured.

### FOURTH CLAIM FOR RELIEF FOR ASSAULT AND BATTERY UNDER THE LAWS OF THE STATE OF NEW YORK (by plaintiff against The City of New York, Rivera and Lamboy)

44.     Plaintiff repeats, reiterates and re-alleges all of the allegations set forth above.

45.     By the actions described above, the individual defendant Rivera did facilitate and allow the assault and battery upon plaintiff by Lamboy, thereby becoming an accessory to the assault and battery. Defendant Lamboy's actions in striking the plaintiff constituted assault and battery.

46.     The individual defendants' acts and conduct were the direct and proximate cause of plaintiff injuries and damages and violated his common law rights as guaranteed by the laws and Constitution of the State of New York.

47.     The individual defendants' conduct alleged herein occurred while they were on duty and in uniform, and in and during the course and scope of employment, duties and functions as New York Police Offices, and while they were acting as the City's agents and employees, clothed with and invoking state power and authority and as a result the City is liable to plaintiff for common law assault and battery pursuant to the state common law doctrine of respondeat superior.

48.     As a result of the foregoing, plaintiff was seriously injured.

### FIFTH CLAIM FOR RELIEF FOR ASSAULT AND BATTERY UNDER THE LAWS OF THE STATE OF NEW YORK (by plaintiff against Senior Care Emergency Medical Services).

49.     Plaintiff repeats, reiterates and re-alleges all of the allegations set forth above.

50. The individual defendant Lamboy's' conduct alleged herein occurred while he was on duty and in uniform, and during the course and scope of employment, duties and functions as, upon information and belief an Emergency Medical Technician and while he was acting as an employee of Senior Care. As a result Senior Care is liable to plaintiff for assault and battery pursuant to the state common law doctrine of respondeat superior.

51. As a result of the foregoing, plaintiff was seriously injured.

**SIXTH CLAIM FOR RELIEF FOR NEGLIGENCE UNDER THE LAWS OF THE STATE OF NEW YORK (by plaintiff against Senior Care Emergency Medical Services).**

52. Plaintiff repeats, reiterates and re-alleges all of the allegations set forth above.

53. Senior Care knew of and disregarded the violent proclivities of the individual defendant technician, Lamboy, whose conduct was the direct and proximate cause of plaintiff's injuries and damages.

54. Senior Care failed to properly screen and train the defendant.

55. The individual defendant, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. His acts, omissions and conduct was the direct and proximate cause of plaintiffs injuries and damages and violated his common law rights as guaranteed by the laws and Constitution of the State of New York.

56. The individual defendant Lamboys' conduct alleged herein occurred while he was on duty and in uniform, and during the course and scope of employment, duties and functions as, upon information and belief an Emergency Medical Technician, and while he was acting as an employee of Senior Care. As a result Senior Care is liable to plaintiff for common law negligence pursuant to the state common law doctrine of respondeat superior.

57. As a result of the foregoing, plaintiff was seriously injured.

## SEVENTH CLAIM FOR RELIEF FOR ASSAULT AND BATTERY UNDER THE LAWS OF THE STATE OF NEW YORK (by plaintiff against The City of New York and Rivera)

58. Plaintiff repeats, reiterates and re-alleges all of the allegations set forth above.

59. When defendant Rivera was in the process of arresting plaintiff, Rivera jammed the barrel of his gun into the chest of plaintiff. Rivera's action in striking the plaintiff constituted assault and battery.

60. Rivera's acts and conduct was the direct and proximate cause of plaintiff injuries to his chest and the consequential damages. This violated plaintiff's common law rights as guaranteed by the laws and Constitution of the State of New York.

61. Rivera's conduct alleged herein occurred while he was on duty and in uniform, and in and during the course and scope of his employment, duties and functions as a New York Police Officer. Rivera and while they were acting as the City's agents and employees, clothed with and invoking state power and authority and as a result the City is liable to plaintiff for common law assault and battery pursuant to the state common law doctrine of respondeat superior.

62. As a result of the foregoing, plaintiff was seriously injured.

## SEVENTH CLAIM FOR RELIEF PURSUANT TO 42 U.S.C § 1983

63. Plaintiff repeats and realigns each and every allegation as if fully set forth herein.

64. Defendant Guevara had an affirmative duty to intervene on behalf of plaintiff whose constitutional rights were being violated in her presence by defendant Rivera. Guevara stood by and allowed defendant Rivera to jam his revolver into the plaintiff's chest.

65. Defendant Guevara failed to take any steps to prevent the unlawful conduct of Rivera.

66. As a direct and proximate result of the misconduct the plaintiff sustained the damages hereinbefore alleged.

PRAYER

Plaintiff requests that this Court award:

1. Compensatory damages in an amount to be determined upon trial of this action;

2. Punitive damages in an amount to be determined upon trial of this action;

3. Attorney's fees pursuant to 42 U.S.C. § 1988;

4. An award of plaintiff's costs of suit;

5. Grant plaintiff all other relief that is appropriate under the circumstances.

Dated: Brooklyn, New York
May 23, 2017

Yours, Etc.
ADRIAN A. ELLIS, LLC.
BY: _____
ADRIAN A. ELLIS, ESQ.,
Attorney for the Plaintiff(s)
26 Court Street, Suite 1600
Brooklyn, NY 11242
(718) 596-1308